IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE: JESSE & PRISCILLA VINCENT        CASE NO.: 1:10-bk-75758
DEBTOR                    CHAPTER 13

**NOTICE OF OPPORTUNITY TO RESPOND TO OBJECTION
TO CLAIM NUMBER 16 BY HSBC BANK NEVADA, N.A. (BEST BUY CO., INC.)**

  You are hereby notified that the Debtor has filed the attached Objection to Claim. Any responses must be filed in writing within thirty (30) days from the date of this notice, with the Bankruptcy Court, at 300 W. Second Street, Little Rock, AR 72201 with copies to the attorney for the Debtor and to Jack W. Gooding, Chapter 13 Trustee, P.O. Box 8202, Little Rock, AR 72221-8202. If a response is filed, the Objection to Claim will be set for hearing by subsequent notice. If no response is received, the Court will enter an order sustaining the objection and granting the relief sought in the objection.

                     **Respectfully submitted,
CAROLINE C. LEWIS
THE BRAD HENDRICKS LAW FIRM, P.A.
500 "C" PLEASANT VALLEY DRIVE
LITTLE ROCK, AR 72227
(501)221-0444 phone
(501)221-0443 fax
clewis@bradhendricks.com**

**Date: February 4, 2013**          **/s/CAROLINE C. LEWIS_____
CAROLINE C. LEWIS, BAR #2002-104**

**CERTIFICATE OF SERVICE**

  I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading on all the opposing parties to this action by electronic transfer or by mailing a copy thereof to the following on this 4th day of February, 2013.

  Jack W. Gooding, Ch. 13 Trustee
  Electronic Transfer

  HSBC Bank Nevada, N.A. (Best Buy Co., Inc.)
  c/o Bass & Associates, P.C.
  3936 E. Ft. Lowell Ste. 200
  Tucson, AZ 85712
                     **/s/CAROLINE C. LEWIS_____
                     CAROLINE C. LEWIS, BAR #2002-104**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE: JESSE & PRISCILLA VINCENT            CASE NO.: 1:10-bk-75758
DEBTOR                                       CHAPTER 13

### OBJECTION TO CLAIM NUMBER 16 BY HSBC BANK NEVADA, N.A. (BEST BUY CO., INC.)

Comes now the Debtors, Jesse & Priscilla Vincent, by and through their attorneys, **THE BRAD HENDRICKS LAW FIRM, P.A.**, and for their *Objection to Claim Number 16 By HSBC Bank Nevada, N.A. (Best Buy Co., Inc.)* states as follows:

1. This case was commenced by the filing of a petition with the Clerk of the Court on November 1, 2010.

2. "HSBC Bank Nevada, N.A." ("**Creditor**"), filed a proof of claim on or about February 7, 2011. Attached hereto and incorporated herein by reference is the proof of claim labeled "**Exhibit A**."

3. "HSBC Bank Nevada, N.A." appears as an unsecured creditor on Schedule F, as HSBC, of Debtor's Chapter 13 petition, attached hereto as "**Exhibit B**" because "HSBC Bank Nevada, N.A." was identified as a creditor on Debtor's credit report.

4. Although included on Debtor's credit report and Schedule F, Debtor does not recognize the debt and therefore disputes same, and Creditor has failed to attach supporting written or printed documentation to support its claim, in violation of Rule 3001(c); therefore, the claim is improper.

5. Without accurate supporting documentation, Debtors and the Court are unable to determine the validity of the claim and claimed amount; Creditor's claim should, therefore, be disallowed.

2

6. The proof of claim is 12 pages in length. The first page identifies an unsecured claim in the amount of $2,514.54 and purports to be a debt for goods sold. The proof of claim also includes several statements of account activity on pages 2 through 9. On page 10 through page 12 there is attached terms and conditions of buying items from Best Buy. A document entitled "Transfer of Claim Other than for Security" between "HSBC Bank Nevada, N.A." and Capital One N.A. dated July 11, 2012 is also attached hereto as **"Exhibit C"**.

7. The proof of claim does not provide the any information needed by Debtor to ascertain if, under Arkansas law, the Debtor has a complete defense to this claim and, thus, an objection to the allowance of this claim.

8. No itemized accounting detailing accrued interest, late fees, over the limit fees, attorney's fees or collection fees and costs is included with the proof of claim.

9. Further, the proof of claim does not allege under which theory of law the claim is being prosecuted, which impacts most state limiting statutes; specifically, the proof of claim does not allege whether the claim is being presented as a claim under a contract, a claim as an account stated, a claim as an open account, whether it is a claim for goods purchased which may be subject to the U.C.C. and its statute of limitations, or as a statement of account subject to dispute.

10. If the claim is being presented as a claim pursuant to a contract, the terms of the contract are necessary for the Debtor and the Court to determine the status of this claim. The Debtor cannot determine from the proof of claim whether the Creditor could allege a choice of forum, choice of law, arbitration, or any other allegation. Absent those facts, the Debtor will be denied their rights to adequately defend as the Debtor cannot ascertain the appropriate limiting statutes, tolling statutes, borrowing statutes, savings statutes, or other statutes which could apply to this claim, or other defenses available to the Debtor under a choice of law or forum contract.

11. Pursuant to 11 U.S.C. § 502(b)(1), for a claim to be allowed, it must be enforceable against the Debtor under applicable non-bankruptcy law. Thus, the Creditor must provide the source of the alleged non-applicable law to be applied to this claim.

12. Arkansas Code Annotated §§ 16-56-105, -106 and -111 provide limitations on actions that may be filed in Arkansas courts to enforce debts against Arkansas citizens and limits those actions, respectively, to three (3) years for open accounts, two (2) years for medical debts, and five (5) years for written contracts. The limitation normally arises at the date of last activity on the account, not the charge off date, a date that occurs up to 180 days after the last payment.

13. Debtor believes Creditor's asserted claim is barred by the statute of limitations for collection under state laws, and Creditor has not provided sufficient information to allow Debtor to determine whether the claim is, in fact, barred by the statute of limitations.

14. Debtor requests this Court enter an order conclusively determining that such claim asserted by Creditor is either (a) not owed by the Debtor; (b) barred by the statute of limitations; (c) not legitimately owed to Creditor as Creditor is not holder of the note nor assignee of any of Debtor's creditors; or (d) any other reason for which Debtor does not owe the claimed obligation or for which Creditor cannot collect on the obligation. This request is vitally important in that Creditor will quite likely continue to pursue Debtor after the closing or termination of the bankruptcy case and Debtor should not be required to litigate the matter again.

15. In addition, Creditor's procedures in filing proofs of claim without proper documentation or including any other evidence that such claim is valid gives rise to concerns that Creditor's procedures do not comport with Rule 3001 of the Federal Rules of Bankruptcy Procedure.

4

16. For these reasons, Creditor's claim should be disallowed, or forever canceled and discharged, whether or not Debtor receives a Discharge Order in this case, and that Creditor prevented from amending the proof of claim or filing another proof of claim.

17. In the alternative, should Creditor be allowed to amend the proof of claim, Debtor requests the Court enter an order allowing Creditor fourteen (14) days to amend the proof of claim and attach the following documentation:

(a) a copy of the credit application and/or credit agreement signed by the Debtor;

(b) a full accounting of the purported debt, including all accrued interest, late fees, attorney or collection fees and costs;

(c) copies of all billing statements sent to the Debtor;

(d) copies of all documents in support of proof of ownership of the debt or assignment of the note; and

(e) copies of all invoices for legal fees, collection costs or the like that have been added to the account.

18. Debtor respectfully requests reimbursement of reasonable attorney fees for the legal work performed and expenses incurred in filing an objection to this obviously improper proof of claim. The attorney fees are certainly warranted where creditor has blatantly failed to adhere to the Federal Rules of Bankruptcy Procedure in filing a complete and valid proof of claim.

**WHERFORE**, the Debtor respectfully prays the Court find and order as follows:

(1) The Court disallow the claim number 16 by "HSBC Bank Nevada, N.A.";

5

(2) That "HSBC Bank Nevada, N.A." be precluded from filing any amended, modified or substituted claims in this case;

(3) That in the event "HSBC Bank Nevada, N.A." is allowed to file an amended, modified or substituted claim, such claim shall include the information and documentation listed in Paragraph Seventeen (17) above;

(4) That "HSBC Bank Nevada, N.A." be required to pay reasonable legal fees and expenses to Brad Hendricks Law Firm, P.A., attorney for the Debtor, for the filing of an improper pleading in this case; and

(5) That the Debtor have such other and further relief as the Court may deem just and proper.

                    **Respectfully submitted,**

                    **THE BRAD HENDRICKS LAW FIRM, P.A.**
                    **500 "C" PLEASANT VALLEY DRIVE**
                    **LITTLE ROCK, AR 72227**
                    **(501)221-0444 phone**
                    **(501)221-0443 fax**
                    **clewis@bradhendricks.com**

**Date: February 4, 2013**　　　　　　　**/s/CAROLINE C. LEWIS**
                    **CAROLINE C. LEWIS, BAR #2002-104**

**CERTIFICATE OF SERVICE**

      I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading on all the opposing parties to this action by electronic transfer or by mailing a copy thereof to the following on this 4th day of February, 2013.

    Jack W. Gooding, Ch. 13 Trustee
    Electronic Transfer

    HSBC Bank Nevada, N.A. (Best Buy Co., Inc.)
    c/o Bass & Associates, P.C.
    3936 E. Ft. Lowell Ste. 200
    Tucson, AZ 85712

                                    **/s/CAROLINE C. LEWIS**
                                    **CAROLINE C. LEWIS, BAR #2002-104**